Benjamin M. Lopatin, Esq.
Cal. Bar No. 281730
*lopatin@hwrlawoffice.com*
**THE LAW OFFICES OF
HOWARD W. RUBINSTEIN, P.A.**
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Tel: (800) 436-6437
Fax: (415) 692-6607
*Attorney for Plaintiff
and the Putative Class*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **JOHN C. PHELAN**, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**LIFEWAY FOODS, INC.**, an Illinois corporation<br><br>Defendant. | Case No. 12-CV-01309 EMC<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE AND MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT LIFEWAY FOODS' NOTICE OF MOTION; MOTION TO DISMISS; MOTION TO STRIKE; MOTION FOR MORE DEFINITE STATEMENT; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Complaint Filed:  March 15, 2012<br><br>Date:    November 20, 2012<br>Time:    TBD<br>Dept.:   Courtroom 5, 17th Floor<br>Before: Hon. Edward M. Chen |

*Plaintiff's Response in Opposition to Defendant's Motion
to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 1 of 18

# **TABLE OF CONTENTS**

I.      INTRODUCTION ……………………………………………………………..……..4

II.     SUMMARY OF FACTS ……………………………………………………………..……5

III.    LEGAL STANDARD ON A MOTION TO DISMISS …………………………….……..7

IV.    ARGUMENT ……………………………………………………………….…..……………8

      a.   <u>Plaintiff Has Sufficiently Stated His Claims</u> ..……………………………………...8

          1.  <u>Plaintiff Reasonably Relied Upon Defendant's Misrepresentations and Unlawful Omissions, Which Deceived Reasonable Consumers</u> .....…………..8

          2.  <u>Plaintiff Has Pleaded Sufficient Facts to Bring a Claim For Breach of Express Warranty</u> ……………………………………….…………11

          3.  <u>Plaintiff Has Pleaded Sufficient Facts to Establish a Claim for Intentional Misrepresentation</u> ……………………………………………….13

          4.  <u>The Court Can Consider Allegations Derived from Dr. Carson's Expert Report</u> …………………………….……………….15

          5.  <u>Determination of the Appropriate Class Should be Deferred Until Class Certification</u> .……………………………………………….15

V.     CONCLUSION ……………………………………..…………………………………17

*Plaintiff's Response in Opposition to Defendant's Motion*
*to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
<u>Page 2 of 18</u>

# TABLE OF AUTHORITIES

## Cases

*Batwin v. Occam Networks, Inc.*, U.S. Dist. Lexis 52365 (C.D. Cal. 2008)……………………..8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)…………………………………..………….8, 11

*Bruno v. Quten Research Inst., LLC* 280 F.R.D. 524 (C.D. Cal. 2001)…………………………..10

*Cardenas v. NBTY Inc.,* 2012 U.S. Dist. Lexis 63376 (E.D. Cal. 2012)……………………..9, 10

*Carideo v. Dell, Inc.* 706 F. Supp. 2d 1122 (W.D. Wash. 2010)…………………………….……9

*Carrea v. Dreyer's Grand Ice Cream,* 2011 WL 159380 (N.D. Cal. 2011)……..…....………...9, 10

*Dalton v. Lee Publ'ns, Inc.*, 2009 U.S. Lexis 937 (S.D Cal. 2009)………………………..………8

*Del E. Webb Corp. v. Structural Materials Co..* 123 Cal.App.3d 593 (1981)………..……………4

*DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1212 (S.D. Cal. 2001)……………………………15

*Hewlett-Packard v. Superior Ct.* 167 Cal. App. 4th 87 (2008)……………………….......……....9

*In re Connetics Corp. Sec. Litig.*, 2008 U.S. Dist. Lexis 62515 (N.D. Cal. 2008)……………...6

*Johns v. Bayer Corp.,* 2010 WL 476688 (S.D. Cal. Feb. 9, 2010)……………..…………….9, 10

*Keith v. Buchanan*, 173 Cal. App. 3rd 13 (1985)……………...……………………..………….12

*Manderville v. PCG & S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (Cal. 4th DCA 2007)..13, 14

*Mazza v. Am Honda Motor Co.* 666 F.3d 581 (9th Cir. 2012) ……………………….…..………16

*Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) …………………………….…7

*Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 921 (Cal. 2001) …………………..………16

*Weinstat v. Dentsply Int'l,* 180 Cal. App. 4th 1213, (2010)…………………………………...11, 12

*Williams v. Gerber*, 552 F.3d 934 (9th Cir. 2008)……………………………………….……...8

## Statutes, Rules, Regulations, and Secondary Sources

Cal. Bus & Prof. Code §§ 17200, *et seq*…..………………………………………….4, *in passim*

Cal. Bus. & Prof. Code §§ 17500, *et seq*..……………………………………...………4, *in passim*

Cal. Civ. Code §§ 1750, *et seq*..…………………………………………………...……4, *in passim*

Black's Law Dictionary……………...……………………………………………………..11

*Plaintiff's Response in Opposition to Defendant's Motion
to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 3 of 18

## I. **INTRODUCTION**

The crux of Plaintiff's complaint in this litigation is simple. Plaintiff contends that Defendant, LIFEWAY FOODS, INC. ("Defendant"), represented false and misleading advertising statements. Namely that its Bio Kefir Black Cherry Heart Healthy Cultured Milk beverage erroneously claims that it can "help ward off carcinogens and provide cardiovascular support," and its ProBugs beverage mistakenly claims that it "keeps your immune system healthy." (Am. Compl. ¶ 2, 6.) Plaintiff has alleged that these statements were an intentional or negligent misrepresentation, also in violation of California's Unfair Competition Law ("UCL"), Bus & Prof. Code §§ 17200 *et seq.*; California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500 *et seq.*; California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, and in breach of warranty. As alleged in the Amended Complaint, Defendant's claims are false, deceptive, misleading, and likely to deceive a reasonable consumer, because, for example, the ingredients listed in the two products do not in fact boost or enhance the immune system of the consumer or help to ward off carcinogens.

Defendant's Motion to Dismiss, Motion to Strike, and Motion for More Definite Statement (collectively, "Defendant's Motion") ignores the proper standard and argues the merits of Plaintiff's Complaint throughout its Motion. The only determination that is proper on a motion to dismiss is whether the complaint alleges facts sufficient to plead a cause of action. In fact, "in testing a pleading against a demurrer the facts alleged in the pleading are deemed to be true, however improbable they may be." *Del E. Webb Corp. v. Structural Materials Co.*. 123 Cal.App.3d 593, 604 (Cal. Ct. App. 1981).

As described in detail below, Plaintiff's Amended Complaint contains sufficient factual allegations to maintain each of the causes of action set forth therein. Defendant's attempt to

*Plaintiff's Response in Opposition to Defendant's Motion
to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 4 of 18

have the court resolve factual disputes and issue a ruling on the merits of Plaintiff's claims before giving Plaintiff an opportunity for discovery are misplaced, and do not support the sustaining of a motion to dismiss the Amended Complaint.

## II. **SUMMARY OF FACTS**

An increase in the number of health-conscious consumers, coupled with scientific revelations regarding the nutritional content of food, has led to a rapidly growing market for food that is promoted as offering a unique health benefit. (Am. Compl. ¶ 32.) In its marketing of the Products, Defendant adopted this approach. (*Id.* at ¶ 36.) Through a variety of advertising including the internet, as well as the packaging and labeling of the product, Lifeway made false representations regarding the benefits of the Products. (*Id.*) Defendant makes erroneous claims on the labeling of Bio Kefir Black Cherry Heart Healthy Cultured Milk, "such as falsely asserting, 'Biokefir for Heart Health features the power of grape concentrate as well as pomegranate, apple and green tea extracts *that pack a punch of antioxidants to fight free radical damage*. The antioxidant blend also contains resveratrol that *is believed to help ward off carcinogens and provide cardiovascular support*.'" (*Id.* at ¶ 2.) (Emphasis added).

However, when Plaintiff purchased the Bio Kefir Black Cherry Heart Healthy Cultured Milk, the words "help ward off carcinogens and" were crossed off in black permanent marker on the box that contains 4, 3.5 oz. Bio Kefir Black Cherry Heart Healthy Cultured Milk drinks. (*Id.* at ¶ 3.) However, the same statement is not crossed off on the actual labeling of the actual Bio Kefir Black Cherry Heart Healthy Cultured Milk purchased by Plaintiff. (*Id.*) Further, Defendant claims that Bio Kefir Black Cherry Heart Healthy Cultured Milk contains "'ProBoost™—a blend of two powerful probiotic strains clinically proven to support digestion and *immunity – there is nothing better for your health*.'" (Am. Compl. ¶ 4.) (Emphasis added).

*Plaintiff's Response in Opposition to Defendant's Motion
to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 5 of 18

In addition, Defendant manufactures, markets, advertises, distributes and sells another milk type beverage known as ProBugs, which comes in various flavors, including Strawnana Split, which erroneously claims that it "keeps your immune system healthy." (*Id.* at ¶¶ 5–6.)

Collectively, Bio Kefir Black Cherry Heart Healthy Cultured Milk and Strawnana Probugs beverage are referred to herein as "the Products."

Defendant's claims led consumers to believe that the Products would have the tangible result of helping to fight free radical damage, ward off carcinogens, and provide cardiovascular support, and keep your immune system healthy. (*Id.* at ¶ 37.) This is false, deceptive, and misleading to reasonable consumers because the Products cannot perform as advertised or provide the benefits described. (*Id.* at ¶ 38.)

Furthermore, Plaintiff hired an Expert, Dr. Kent S. Carson, M.D., to analyze the Products, their ingredients, and statements made about their effects on a consumer's health when ingested. (*See id.* at ¶ 7.) According to Dr. Carson, the Products do not provide the claimed health benefits and that the Defendant "made 'knowingly deceptive, false claims'" regarding the immune and other health benefits of its Products." (Am. Compl. ¶ 7.)

As a result of Defendant's misleading claims, reasonable consumers were deceived and led to believe that ingesting the Products would result in tangible benefits to their immunity and health, and even go as far to claim that it can aid in the prevention of cancer. (*See id.* at ¶ 42.). For example, Defendant misleads consumers, like Plaintiff and members of the Class, into believing that the Products can specifically: (a) "help ward off carcinogens;" (b) "fight free radical damages;" and (c) support the immune system. (*Id.* at ¶¶ 2–4.) However, these claims are false, misleading, and likely to deceive reasonable consumers such as Plaintiff and members

*Plaintiff's Response in Opposition to Defendant's Motion*
*to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 6 of 18

of the Class, who read and relied on the Statements prior to purchasing and using the Products. (*Id.* at ¶¶ 16–18, 29.)

Based on this false, misleading, or deceptive advertising, Lifeway has sold thousands of units of the Products based on these false promises. (*Id.* at ¶ 43.) Plaintiff would not have purchased the Products if not for Lifeway's deceptive representations that consuming these products would help support your immune system and provide specified health benefits. (*Id.* at ¶ 44.) Lifeway has thus benefited from the receipt of such money that they would not have received but for its misrepresentations and/or omissions. (Am. Compl. ¶ 45.)

As a result of the misleading representations, Lifeway was able to charge a price premium for the Products compared with similar beverages that did not make such claims. (*Id.*) Plaintiff and members of the putative Class would not have purchased the Products had they known the truth about the statements made on the packaging and labeling. (*Id.* at ¶¶ 18, 31, 44.)

Therefore, "Plaintiff has been damaged by his purchase of Product I and Product II because the labeling and advertising for the Products was and is false and/or misleading under California law because the Products cannot fight free radical damage, ward off carcinogens, provide cardiovascular support, or support Plaintiff's immune system. (*Id.* at ¶ 19.)

### III. LEGAL STANDARD ON A MOTION TO DISMISS

When considering a motion to dismiss, a court "must assume that all allegations are true and draw all inferences in the plaintiff's favor." *In re Connetics Corp. Sec. Litig.*, 2008 U.S. Dist. Lexis 62515, at 9 (N.D. Cal. Aug. 14, 2008) (citing *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)). "The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim." *Id.* at 8. A complaint does not "requir[e] heightened fact pleading of

*Plaintiff's Response in Opposition to Defendant's Motion*
*to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 7 of 18

specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). So long as the plaintiff alleges facts to support a theory that is facially plausible, the court should deny a motion to dismiss. *See Williams v. Gerber*, 552 F.3d 934, 938 (9th Cir. 2008) (reversing trial court's grant of motion to dismiss consumer protection claims); *Dalton v. Lee Publ'ns, Inc.*, 2009 U.S. Lexis 937, *10 (S.D Cal. Jan. 8, 2009) (denying a defendant's motion to dismiss because the plaintiff had alleged facts sufficient to support "facially plausible" claims).

Moreover, a Court should only dismiss a complaint where—unlike here—a plaintiff's claims are purely "speculative" and unsupported by the alleged facts and circumstantial evidence. *See Twombly*, 550 U.S. at 555. Indeed, "it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)." *Batwin v. Occam Networks, Inc.*, 2008 U.S. Dist. Lexis 52365, at 22 (C.D. Cal. July 1, 2008).

## IV. <u>ARGUMENT</u>

### A. Plaintiff Has Sufficiently Stated His Claims

#### 1. **Plaintiff Reasonably Relied Upon Defendant's Misrepresentations and Unlawful Omissions, Which Deceived Reasonable Consumers**

Plaintiff has adequately pleaded all of his claims for relief in the Amended Complaint. Plaintiff has expressly stated his reliance on the false, deceptive or misleading statements made by Defendant. Plaintiff alleges that "Lifeway's advertising of the [Products] conveyed consistent false and misleading message to consumers: that use of Lifeway's product would fight free radical damage, ward off carcinogens and provide cardiovascular support, and keep your immune system healthy." (Am. Compl. ¶ 29.) Plaintiff further alleges that "[s]uch statements were material to him, since had he been made aware of the true facts by Defendant—

that the Product cannot "fight free radical damage" and "ward off carcinogens and provide cardiovascular support" as well as the statement on Product II packaging which states, "keeps your immune system health"—he would not have purchased the product at the price he did." *Id*. at ¶ 19.

Moreover, Plaintiff states that "Defendant had no reasonable grounds for believing its representations were true" and "Defendant knew, or had a duty to learn, about the true facts that contradicted its representations," and lastly that "in making these representations to Plaintiff and the Class, Defendant intended to induce Plaintiff and the Class to purchase the Products based on the aforementioned representations." *Id.* at ¶¶ 110-112.  As such, it is clear that Plaintiff has alleged reliance on Defendant's misrepresentations.

Defendant, in its Motion to Dismiss, has cited the cases of *Carrea v. Dreyer's Grand Ice Cream,* 2011 WL 159380 (N.D. Cal. Jan. 10, 2011) and *Johns v. Bayer Corp.,* 2010 WL 476688 (S.D. Cal. Feb. 9, 2010) to support its contention that Plaintiff cannot not expand the scope of the claims to include a product that was not purchased or advertisements relating to a product that he did not rely on.  (Def. Mem., at 9).  However, this is not the prevailing principle of law.

In *Cardenas v. NBTY Inc.,* 2012 U.S. Dist. Lexis 63376 (E.D. Cal. May 4, 2012) the court took the modern and prevailing approach to this type of situation.  The court detailed that *claims could be viable for purchasing a product "subject to the "same core factual allegations and causes of actions."" Id*. at 18 (citing *Carideo v. Dell, Inc.* 706 F. Supp. 2d 1122, 1134 (W.D. Wash. 2010). *See also Hewlett-Packard v. Superior Ct.* 167 Cal. App. 4th 87, 89-92 (2008) ("*court upheld claims for UCL, CLRA, express warranty, and unjust enrichment relating to display failures in several models, even though the named Plaintiff only purchased one of the models*").  (Emphasis added).

*Plaintiff's Response in Opposition to Defendant's Motion*
*to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 9 of 18

In addition, in *Cardenas*, the court analyzed a decision from *Bruno v. Quten Research Inst., LLC* 280 F.R.D. 524 (C.D. Cal. 2001). In *Bruno*, Plaintiff brought suit relating to the misrepresentations about Defendant's liquid and gelcap products even though only the liquid product was purchased by Plaintiff. *Cardenas*, U.S. Dist. Lexis 63376, at 15-20. The court indicated that most treatises and persuasive authority indicate that "the issue of whether a class representative may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." *Id*. The court in *Cardenas* agreed with the reasoning of the *Bruno* case, while foregoing reliance on the dicta of *Bayer* and *Carrea*. The *Cardenas* court found that the "Plaintiff ha[d] standing to assert UCL and CLRA claims based on the purchase of Osteo Bi-Flex Regular Strength and the product's more general representations that its line of Osteo Bi-Flex products which ostensibly share many similarities in ingredients, 'improve mobility,' 'improve joint comfort,' and 'support renewal of cartilage.'" *Cardenas* U.S. Dist. Lexis 63376, at 20.

Likewise, in the current matter, Plaintiff has standing to bring suit based on Defendant's entire line of flavors for both Products noted in the Amended Complaint. Although Plaintiff only claims to have purchased the BioKefir Black Cherry and Strawnana Split, Plaintiff has standing for the entire line of Defendant's products, like the plaintiffs in *Cardenas* and *Bruno*. Consistent with the above rationale, Plaintiff has standing to make a claim on behalf of the putative Class of similarly situated purchasers, for all of Lifeway's products which share similar ingredients and make similar health claims as the BioKefir Black Cherry and Strawnana Split products. The flavor of the product does not substantially alter the ingredients or representations that were made by Lifeway; specifically in regards to the immunity claims and

cancer related health claims.  Therefore, Plaintiff has standing to sue based on Defendant's products that make similar, if not identical, statements as those mentioned in the Amended Complaint, which are most likely mere variations in flavor, not the substantive product.

2. **Plaintiff Has Pleaded Sufficient Facts to Bring a Claim For Breach of Express Warranty**

Plaintiff has provided sufficient facts to bring a claim for breach of an express warranty under California law.  The required elements to bring a claim for a breach of express warranty are "(1) the seller's statements constitute an 'affirmation of fact or promise' or a 'description of the goods'; (2) the statement was 'part of the basis of the bargain'; and (3) the warranty was breached."  *Weinstat v. Dentsply Int'l,* 180 Cal. App. 4th 1213, 1227 (2010).

Here, Plaintiff has alleged in the Amended Complaint that the terms of the contract included the promises and affirmations of fact made by the Defendant on its products labels and in the marketing of the Products of misleadingly claims to fight free radical damage, ward off carcinogens and provide cardiovascular support, and keep your immune system healthy. (Am. Compl. ¶ 102).   Because the Product does not perform as promised, Defendant breached its express warranty to Plaintiff.

Moreover, Plaintiff does not need to prove the case in the Amended Complaint; he just needs to assert sufficient facts to show that the case is plausible because a complaint does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp.*, 550 U.S. at 570,

Defendant alleges that Plaintiff has not demonstrated what the terms of any express warranty were, and thus cannot satisfy the nature of Lifeway's purported breach. (Def. Mem., at 11). However, this is factually incorrect.  Throughout Plaintiff's Amended Complaint, Plaintiff

*Plaintiff's Response in Opposition to Defendant's Motion
to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 11 of 18

explicitly refers to the breach of warranties that the Product's inclusion of ProBoost, resveratrol, and inulin would have the tangible result of helping to fight free radical damage, ward off carcinogens, and provide cardiovascular support and keep your immune system healthy. These warranties were breached because the Products cannot sustain their claimed warranties.

Plaintiff has sufficiently pleaded the first element for breach of express warranty. Defendant made express statements that the product would "help to fight free radical damage, ward off carcinogens, and provide cardiovascular support and keep your immune system healthy." (Am. Compl. ¶ 27). This is a promise or affirmation of what the product will do if used. Defendant's motion erroneously states that Plaintiff must show an affirmative misrepresentation of fact (Def. Memo. at 11). Showing an affirmative misrepresentation is not a required element for a prima facie case of express warranty. However, it is clear that the description of what the Products purported to do in relation to certain health benefits constituted a clear promise or affirmation of fact in relation to these benefits.

Plaintiff has also shown that these promises go to the benefit of the bargain, satisfying the second element for express warranty. In *Weinstat supra*, the court stated "in actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement." *Id* at 1227. The court further stated "[t]he statue thus creates a presumption that the seller's affirmations go to the basis of the bargain . . . the concept of reliance has been purposefully abandoned." *Id. See also Keith v. Buchanan*, 173 Cal. App. 3d 13 (1985). Thus, by making affirmations of fact as to the health benefits of the Products, there is a presumption that these affirmations went to the benefit of the bargain. In the current matter, Defendant's statements as to the health benefits of the Product

were essential in Plaintiff's purchase of the product. Therefore it is presumed that these affirmations went to the basis of the bargain.

Lastly, the Plaintiff must plead that the warranty was in fact breached. This is expressly pled in Plaintiff's Amended Complaint. Plaintiff alleges: "Defendant breached the terms of this contract, including the express warranties with Plaintiff and the Class by failing to provide a product with the promised benefits described above." (Am. Compl. ¶ 105).

3. **Plaintiff Has Pleaded Sufficient Facts to Establish a Claim for Intentional Misrepresentation**

Plaintiff has met all of the statutory pleading requirements to withstand a motion to dismiss for the intentional misrepresentation cause of action. "To establish a claim for deceit based on intentional misrepresentation, the plaintiff must prove seven essential elements (1) the defendant represented to the plaintiff that an important fact was true; (2) that representation was false; (3) the defendant knew that the representation was false when the defendant made it, or the defendant made the representation recklessly and without regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's reliance on the defendant's representation was a substantial factor in causing that harm to the plaintiff." *Manderville v. PCG & S Group, Inc.*, 146 Cal. App. 4th 1486, 1498 (Cal. 4th Ct. App. 2007).

Defendant, in its Motion, alleges that Plaintiff could not establish the knowledge of falsity on part of the Defendant or what they refer to as the scienter element. (Def.s Mem. at 11). However, according to *Manderville supra,* Plaintiff need not establish actual knowledge of falsity, but rather can prevail by showing a reckless disregard for the truth. Black's Law Dictionary defines reckless disregard as follows:

*Plaintiff's Response in Opposition to Defendant's Motion
to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 13 of 18

> "1. Conscious indifference to the consequences of an act  2. *Defamation*. Serious indifference to truth or accuracy of a publication. • "Reckless disregard for the truth" is the standard in proving the defendant's actual malice toward the plaintiff in a libel action. 3. The intentional commission of a harmful act or failure to do a required act when the actor knows or has reason to know of facts that would lead a reasonable person to realize that the actor's conduct both creates an unreasonable risk of harm to someone and involves a high degree of probability that substantial harm will result."

Black's Law Dictionary (9th ed. 2009). Plaintiff alleged in his Amended Complaint that Defendant had no reasonable grounds to believe the representations that were placed on the bottles of the Lifeway Products were true. (Am. Compl. ¶ 110). Moreover, when Plaintiff purchased the Bio Kefir Black Cherry Heart Healthy Cultured Milk, "the words 'help ward off carcinogens and' were crossed off in black permanent marker on the box. . . . However, the same statement [was] not crossed off on the actual labeling of the actual Product" purchased by the Plaintiff." (*Id.* at ¶ 3.) Thus, Defendant had knowledge of the erroneous nature of the statement that was crossed off—whether actual knowledge or through agency principles—which is a question of fact for a jury to decide.

However, in support of its Motion to Dismiss, Defendant argues "an allegation that a defendant 'had no reasonable grounds' for believing the representations made, even if true, do not support a claim for intentional misrepresentation because it fails to establish that the defendant actually knew that the representations were false." (Def. Mem. at 12). Nevertheless, this is factually and legally incorrect, as discussed in *Manderville*, *supra*. The Plaintiff has pleaded sufficient facts to show reckless disregard or actual knowledge, and when taking the facts of the Amended Complaint as true, Plaintiff has pleaded sufficient factual information to give rise to a cause of action for intentional misrepresentation under California law.

4. **The Court Can Consider Allegations Derived from Dr. Carson's Expert Report.**

Defendant erroneously asserts that the Expert Report of Dr. Carson must be stricken from Plaintiff's Amended Complaint, and that the Report is an evidentiary matter inappropriate at the pleading stage. (Def. Mem., at 4-6.) First, Plaintiff agrees with Defendant that evidentiary matters are inappropriate for the court's consideration on a motion to dismiss. Second, Plaintiff is not asking the Court to consider Dr. Carson's Expert Report for purposes of surviving Defendant's motion to dismiss. However, several of Plaintiff's allegations are based on the expertise of Dr. Carson. For example, Plaintiff has alleged "the Products do not provide the purposed benefits," and that Defendant made "knowingly deceptive, false claims regarding the immune system and other health benefits of its Products. (Am. Compl. ¶ 7.) These factual allegations are based on the Report of Plaintiff's expert, Dr. Kent Carson, M.D.

Specifically, the portions of Plaintiff's Amended Complaint that are derived from Dr. Carson's affidavit cannot be stricken simply because the expert has not yet been qualified to render such an opinion at this stage of the proceedings. *See DeMarco v. Depotech. Corp.* 149 F.Supp 2d 1212, 1222 (S.D. Cal 2001) (the court did not consider the actual report of Plaintiff's expert in ruling on Defendant's motion to dismiss, rather, it denied the defendant's motion to strike to the extent it sought to an order striking those portions of Plaintiff's complaint that were derived from Plaintiff's expert's report).

5. **Determination of the Appropriate Class Should Be Deferred Until Class Certification.**

Defendant mistakenly argues that Plaintiff, as a California resident, cannot assert claims on behalf of a proposed nationwide class of similar Lifeway purchasers. (Def. Mem. 6-8.) Plaintiff has brought his action to seek certification of a nationwide class based on violations of

California's consumer protection laws. (Am. Compl. ¶ 47). Plaintiff has alleged that certification of a nationwide class is appropriate because the questions of law or fact common to the representative members of the class predominate over questions of law or fact affecting only individual members. *Id*. at ¶ 55. Therefore, at this stage of the proceedings Plaintiff's putative class is not at issue. That matter is left for Plaintiff's Motion for Class Certification that will be filed after the pleading stage of this litigation.

Furthermore, at this stage of the proceedings, Defendant's reliance on *Mazza v. Am Honda Motor Co.* 666 F.3d 581 (9th Cir. 2012), is misplaced. *Mazza* involved review of a class certification order, not the sufficiency of the plaintiff's complaint. *See id*. The court must undergo "factual determinations," to determine whether "numerosity, commonality, typicality and adequacy" has been demonstrated. *Id*. at 588. Those determinations are improper at the motion to dismiss stage because they are not ripe for consideration.

Although a nationwide class was ultimately denied in *Mazza*, the court did acknowledge that "under California's choice of law rules, the class action proponent bears the initial burden to show that California has 'significant contact or significant aggregation of contacts' to the claim of each class member," and that "once the class proponent makes this showing, the burden shifts to the other side to demonstrate 'that foreign law, rather than California law, should apply to class claims." *Id*. at 589–90. "California law may only be used on classwide basis if 'the interests of the other states are not found to outweigh California's interest having its law applied.'" *Id*. (citing *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 921 (Cal. 2001)).

Accordingly, any determination concerning the proposed class in this matter should be deferred until the factual issues involving class certification are ripe.

*Plaintiff's Response in Opposition to Defendant's Motion*
*to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 16 of 18

## V. **CONCLUSION**

Defendant's Motion should be denied in its entirety because Plaintiff has sufficiently pleaded facts giving rise to each cause of action alleged in the Amended Complaint. Defendant improperly argues the merits of this action and argues issues that are not ripe to be heard. At this stage of the litigation, however, the Court must take Plaintiff's allegations as true. The Amended Complaint alleges sufficient facts, that, when taken as true, appropriately give rise to the claims for relief for each cause of action alleged in the Amended Complaint. Therefore, Defendant's Motion should be denied in its entirety.[1]

DATED: October 19, 2012              **Respectfully Submitted,**

By: */s/* Benjamin M. Lopatin
    Benjamin M. Lopatin, Esq.
    Cal. Bar No. 281730
    *lopatin@hwrlawoffice.com*
    **THE LAW OFFICES OF**
    **HOWARD W. RUBINSTEIN, P.A.**
    One Embarcadero Center, Suite 500
    San Francisco, CA 94111
    Tel: (800) 436-6437
    Fax: (415) 692-6607

    *Attorney for Plaintiff John C. Phelan*
    *and the Putative Class*

---

1. In the alternative, if the Court grants Defendant's Motion in any respect, Plaintiff respectfully requests that the Court grant him leave to amend his First Amended Complaint to cure any deficiencies. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires").

*Plaintiff's Response in Opposition to Defendant's Motion*
*to Dismiss, Strike, and For More Definite Statement*
Case No.: 12-cv-1309-EMC
Page 17 of 18

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of October, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record by transmission of Notices of Electronic Filing generated by CM/ECF.

                              */s/*  Benjamin M. Lopatin
                              Benjamin M. Lopatin, Esq.