1    David T. Biderman, Bar No. 101577
     DBiderman@perkinscoie.com
2    Joren Bass, Bar No. 208143
     JBass@perkinscoie.com
3    Allison Zamani, Bar No. 275136
     AZamani@perkinscoie.com
4    PERKINS COIE LLP
     Four Embarcadero Center, Suite 2400
5    San Francisco, CA  94111-4131
     Telephone: 415.344.7000
6    Facsimile:  415.344.7050

7    Joseph J. Jacobi (*pro hac vice* app. to be submitted)
     JJacobi@mcdonaldhopkins.com
8    Richard N. Kessler (*pro hac vice* app. to be submitted)
     RKessler@mcdonaldhopkins.com
9    MCDONALD HOPKINS LLC
     300 N LaSalle Street, Suite 2100
10   Chicago, IL 60654
     Telephone: 312.642.6613
11   Facsimile:  312.280.8232

12   Attorneys for Defendant
     LIFEWAY FOODS, INC.

13

14               **UNITED STATES DISTRICT COURT**

15             **NORTHERN DISTRICT OF CALIFORNIA**

16                 **SAN FRANCISCO DIVISION**

| | |
|---|---|
| 17   JOHN C. PHELAN, | Case No. 12-CV-01309 EMC |
| 18           Plaintiff, | **CLASS ACTION** |
| 19       v. | **DEFENDANT LIFEWAY FOODS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS; MOTION TO STRIKE; MOTION FOR MORE DEFINITE STATEMENT** |
| 20   LIFEWAY FOODS, INC., an Illinois corporation, | |
| 21 | **[FED R. CIV. PRO. 12(b)(6), 12(f), 12(e)]** |
| 22          Defendant. | |
| 23 | Hearing:       November 20, 2012 |
| | Time:           1:30 p.m. |
| 24 | Courtroom:    5, 17th Floor |
| | Before:         Hon. Edward M. Chen |

25

26

27

28

TABLE OF CONTENTS

PAGE

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................... 1

ARGUMENT .......................................................................................................................... 1

I.      THIS COURT SHOULD RULE THAT PLAINTIFF CANNOT MAINTAIN
        THIS ACTION ON BEHALF OF A PUTATIVE NATIONWIDE CLASS ..................... 1

II.     THE EXPERT REPORT OF DR. CARSON SHOULD BE STRICKEN
        BECAUSE IT CONTAINS EXPERT OPINION, WHICH PLAINTIFF RELIES
        UPON TO SUPPORT THE PLEADINGS ................................................................ 4

III.    PLAINTIFF'S CLAIMS IN THIS ACTION SHOULD BE LIMITED TO THE
        STATEMENTS UPON WHICH HE ACTUALLY RELIED WHEN
        PURCHASING THE "PRODUCTS" IDENTIFIED IN THE AMENDED
        COMPLAINT ......................................................................................................... 6

IV.     PLAINTIFF HAS FAILED TO SUPPORT HIS CAUSE OF ACTION FOR
        BREACH OF EXPRESS WARRANTY ...................................................................... 8

V.      PLAINTIFF HAS FAILED TO OPPOSE ARGUMENTS IN LIFEWAY'S
        OPENING MOTIONS ............................................................................................ 10

CONCLUSION ...................................................................................................................... 11

TABLE OF CONTENTS

PAGE

**CASES**

*Banks v. Nissan N. Am., Inc.*,
   2012 U.S. Dist. LEXIS 37754 (N.D. Cal. Mar. 20, 2012) ...................................................... 2

*Bruno v. Quten Research Inst.*,
   280 F.R.D. 524 (C.D. Cal. 2011) ......................................................................................... 8

*Cardenas v. NBTY, Inc.*,
   ___ F. Supp. 2d ___, 2012 WL 1593196 (E.D. Cal. May 4, 2012) ...................................... 8

*Carrea v. Dreyer's Grand Ice Cream*,
   2011 WL 159380 (N.D. Cal. 2011), *aff'd* 2012 WL 1131526 (9th Cir. Apr. 5, 2012)......... 7, 8

*Castro Valley Union 76, Inc. v. Vapor Sys. Technologies, Inc.*,
   2012 WL 5199458 (N.D. Cal. Oct. 22, 2012)...................................................................... 10

*Clothesrigger, Inc. v. GTE Corp.*,
   191 Cal. App. 3d 605 (1987)................................................................................................ 3

*Conservation Force v. Salazar*,
   677 F. Supp. 2d 1203 (N.D. Cal. 2009) .............................................................................. 10

*DeMarco v. DepoTech Corp.*,
   149 F. Supp. 2d 1212 (S.D. Cal. 2001) ................................................................................ 5

*DeMarco v. Depotech Corp.*,
   149 F. Supp. 2d 1221 (S.D. Cal. 2001) ............................................................................. 4, 5

*Dvora v. General Mills, Inc.*,
   2011 WL 1897349 (C.D. Cal. May 16, 2011) .................................................................. 9, 10

*Fraker v. Bayer Corp.*,
   2009 WL 5865687 (E.D. Cal. Oct. 6, 2009) ....................................................................... 11

*Horvath v. LG Elecs. Mobilecomm U.S.A., Inc.*,
   2012 WL 2861160 (S.D. Cal. Feb. 13, 2012) ................................................................ 2, 3, 4

*In re Empyrean Biosciences, Inc. Sec. Litig.*,
   219 F.R.D. 408 (N.D. Ohio 2003) ........................................................................................ 4

*Johns v. Bayer Corp.*,
   2010 WL 476688 (S.D. Cal. Feb. 9, 2010) ........................................................................ 7, 8

*Locricchio v. Office of U.S. Trustee*,
   313 Fed. Appx. 51 (9th Cir. 2009)...................................................................................... 10

*Mazza v. American Honda Motor Co.*,
   666 F.3d 581 (9th Cir. 2012)......................................................................................... 1, 2, 3

ii

*Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*,
   107 Cal. App. 4th 1336 (2003)............................................................................... 11, 12

*Norwest Mortgage, Inc. v. Super. Ct.*,
   72 Cal. App. 4th 214 (1999)........................................................................................ 3

*Rose v. Bartle*,
   871 F.2d 331 (3d Cir. 1989)........................................................................................ 4

*Sanders v. Apple Inc.*,
   672 F. Supp. 2d 978 (N.D. Cal. 2009) ...................................................................... 10

*Stanley v. Bayer Healthcare LLC*,
   2012 WL 1132920 (S.D. Cal. Apr. 3, 2012) ............................................................. 11

*Williams v. Beechnut Nutrition Corp.*,
   185 Cal. App. 3d 135 (1986)........................................................................................ 9

**RULES**

Fed. R. Civ. P. 8(a)(2) .................................................................................................... 12

Fed. R. Civ. Proc. 8 ........................................................................................................ 11

1    Defendant Lifeway Foods, Inc. ("Lifeway") submits this reply memorandum in support of

2    its motion to dismiss, motion to strike, and motion for more definite statement as to Plaintiff's

3    First Amended Complaint.

4                    **INTRODUCTION AND SUMMARY OF ARGUMENT**

5            As Lifeway established in its opening brief, the Amended Complaint must be amended.

6    (Dkt. 22 (Motion to Dismiss, Strike and for a More Definite Statement ("Mot.")).)  Plaintiff's

7    opposition fails to overcome Lifeway's showing.  (Dkt. 28 (Opposition to Motion ("Opp.")).)

8    Specifically, Plaintiff should be required to abandon his unsupported and improper attempts to

9    apply California's consumer protection laws to the claims of putative class members who did not

10   purchase the Black Cherry flavor of Lifeway's BioKefir or the Strawnana Split flavor of

11   Lifeway's ProBugs in California.  There is simply no basis for Plaintiff to represent a national

12   class in this case, and Plaintiff's amended complaint should reflect that reality.  Plaintiff must also

13   excise his pleadings of any reference to the report of his unqualified "expert".  While Plaintiff

14   may at some point offer the expert's opinions to support his claim, the report has no place in

15   Plaintiff's complaint.  Lifeway should not be forced to accept the truth of the expert's opinions

16   for purposes of determining whether Plaintiff has stated a claim, particularly where Plaintiff

17   commissioned the report after he filed his original complaint in this matter.  Similarly, Plaintiff

18   should be precluded from basing this action on any statements upon which he contends he relied

19   when he purchased the two Lifeway products he has put at issue.  Thus, Plaintiff's reference to

20   Lifeway's website, or to statements made about products other than Black Cherry BioKefir and

21   Strawnana Split ProBugs, should be dismissed.  Finally, Plaintiff's warranty claims are fatally

22   flawed and must be dismissed.

23                                  **ARGUMENT**

24   **I.    THIS COURT SHOULD RULE THAT PLAINTIFF CANNOT MAINTAIN THIS
            ACTION ON BEHALF OF A PUTATIVE NATIONWIDE CLASS**
25

26           In its opening brief, Lifeway established that after the Ninth Circuit's opinion in *Mazza*, a

27   party need not wait until class certification to defeat allegations that a nationwide class could be

28   certified.  *See Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).  Where it is

                                            1

1  clear that no basis exists for a nationwide class, this Court is authorized to narrow the case to the

2  claims a named plaintiff can plausibly assert.  (Mot. at 6:3-8:5.)[1]  Instead of countering this

3  argument, Plaintiff argues that since (a) the complaint alleges a nationwide class based on

4  California's consumer protection laws, and (b) common questions of law and fact purportedly

5  predominate, then (c) the putative class definition is untouchable until the question of class

6  certification is ripe.  (Opp. at 15:25-16:7.)  Cases decided since *Mazza* establish that Plaintiff is

7  incorrect.

8      In *Horvath v. LG Elecs. Mobilecomm U.S.A., Inc.*, 2012 WL 2861160 (S.D. Cal. Feb. 13,

9  2012), plaintiffs filed a complaint alleging that the defendant violated the same California

10  consumer protection statutes at issue in this case and in *Mazza* by selling cell phones with an

11  alleged design or manufacturing defect.  The defendant moved to dismiss the claims brought on

12  behalf of non-Californians.  Citing *Mazza*, the court agreed, "declin[ing] to apply California

13  consumer protection law to out-of-state Plaintiffs."  2012 WL 2861160 at *3.  According to the

14  court, *Mazza* established that California's consumer protection statutes differ materially from the

15  consumer protection laws of other states, including differences in scienter, privity, reliance, notice

16  and damages.  *Id.*; *see also Mazza*, 666 F.3d at 591 (discussing differences in states' consumer

17  protection laws).  Citing *Mazza*, the court noted that "each state has a strong interest in applying

18  its own consumer protection laws" to transactions that took place within each different

19  jurisdiction.  *Id.*  "Because each state has an interest in setting the appropriate level of liability for

20  companies conducting business within its territory," the court dismissed the claims of non-

21  California plaintiffs.  *Id.*  According to the Court, "the consumer protection laws of the

22  jurisdictions in which the transactions took place should govern each Plaintiff's cause of action."

23  *Id.* (citing *Mazza*).  *See also Banks v. Nissan N. Am., Inc.*, 2012 U.S. Dist. LEXIS 37754 at *2

24

25  _____

    [1] It is not Lifeway's position that this Court is *required* to dismiss Plaintiff's allegations related to
26  a national class, as Plaintiff appears to assert.  (Opp. at 15:25-26.)  Lifeway acknowledges that
    courts have refused to apply *Mazza* to dismiss putative national class allegations on the pleadings.
27  Rather, it is Lifeway's position that this Court should exercise its discretion to limit Plaintiff's
    claims to those he could plausibly maintain on behalf of a putative class, which would exclude
28  claims of non-Californians.

DEFENDANT'S REPLY ISO MOTIONS TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT
CASE NO. 12-CV-01309 EMC

(N.D. Cal. Mar. 20, 2012) ("[D]efendant's motion to dismiss plaintiff's class allegations, to the extent asserted on behalf of a nationwide class, is GRANTED.").

Plaintiff's Opposition ignores these cases, and his attempt to distinguish *Mazza* is unavailing. While *Mazza* was decided at the class certification stage, that does not undermine the court's conclusion that a nationwide class *cannot* be based on California's consumer protection laws unless a plaintiff makes an affirmative showing that both (a) California has significant contacts with each class member and (b) the interests of other states in having their laws applied do not outweigh California's interest. 666 F.3d at 591-92. Nothing in the Amended Complaint satisfies these standards.

Plaintiff's Amended Complaint discloses no basis for this Court to apply California law to the claims of a national class of purchasers of Lifeway's products. Lifeway is an Illinois company without any business presence in California other than that it sells its products to distributors, who resell the products to retailers in California. As such, California has no contacts with for its consumer protection laws to apply to the claims of non-Californians. *See, e.g., Norwest Mortgage, Inc. v. Super. Ct.,* 72 Cal. App. 4th 214, 224-25 (1999) (holding that California's consumer protection statutes may only be invoked on behalf of out-of state parties "when they were harmed by wrongful conduct occurring in California"); *Clothesrigger, Inc. v. GTE Corp.*, 191 Cal. App. 3d 605 (1987).

If anything, Plaintiff's claims for a nationwide class here are weaker than the claims of the plaintiffs in *Horvath* and *Mazza*, where the courts dismissed the claims of non-Californians. In *Horvath*, the defendant was incorporated in California and its principal place of business was San Diego, California. 2012 WL 2861160 at *3. Similarly, the defendant in *Mazza* was headquartered in California, the advertising agency that produced the allegedly-false marketing campaign was based in California, and one fifth of the putative class members were California citizens. 666 F.3d at 590. Nonetheless, each court concluded that there was an insufficient basis to apply California's consumer protections to allegedly-injured non-Californians. Moreover, even if there was a legal basis to apply California law to the claims on non-Californians—and there is not—both the FAC and the Opposition fail to demonstrate any basis to usurp the authority

3

1   each other state has to apply its consumer protection statutes to the claims of out-of-state

2   consumers.  The Amended Complaint contains no allegations from which the Court could infer

3   such contacts, and none exist.  As in *Horvath*, the claims asserted on behalf of non-Californians

4   should be dismissed and the national class allegations stricken from the complaint.

5          The interests of justice are best served by resolving this issue at an early stage in the

6   litigation.  A defendant should not be forced to engage in a discovery and potential settlement

7   negotiations based on allegations of a nationwide class when the likelihood of such a class being

8   certified is insignificant.  Furthermore, it behooves efficiency and encourages settlement when

9   parties come to the table with clear understandings of the actual claims at issue, which includes

10  the size of the putative class.  Accordingly, an order limiting this action to a California class is

11  both appropriate and beneficial to the parties.

12  **II.    THE EXPERT REPORT OF DR. CARSON SHOULD BE STRICKEN BECAUSE
13         IT CONTAINS EXPERT OPINION, WHICH PLAINTIFF RELIES UPON TO
           SUPPORT THE PLEADINGS**

14         In its opening brief, Lifeway established that an expert affidavit containing improper

15  opinion testimony is inappropriate for incorporation by reference into a complaint, as courts

16  routinely hold.  (Mot. at 4-6); *see also, e.g., DeMarco v. Depotech Corp.*, 149 F. Supp. 2d 1221

17  (S.D. Cal. 2001); *Rose v. Bartle*, 871 F.2d 331 (3d Cir. 1989); *In re Empyrean Biosciences, Inc.*

18  *Sec. Litig.*, 219 F.R.D. 408 (N.D. Ohio 2003).  Plaintiff agrees with this principle of law.  (Opp. at

19  15:5-6.)  However, Plaintiff argues that the Court should not strike Dr. Carlson's report,

20  contending that the true purpose of Dr. Carson's report is to provide factual support for his

21  claims, rather than expert testimony.  Plaintiff's explicit reliance on Dr. Carlson's expertise

22  defeats this argument.

23         First, Plaintiff is plainly incorrect when he contends that he is "not asking the Court to

24  consider Dr. Carson's Expert Report for purposes of surviving Defendant's motion to dismiss."

25  (*Id*. at 15:8-9.)  Elsewhere in Plaintiff's opposition brief, and in his response to Lifeway's request

26  for judicial notice, Plaintiff attempts to bolster the allegations in his Amended Complaint with Dr.

27  Carlson's expert opinions.  In his opposition brief, Plaintiff expressly relies on Dr. Carlson's

28  opinions to help establish the truth of his allegations.  For example:

4

Plaintiff hired an Expert, Dr. Kent S. Carson, M.D., to analyze the
Products, their ingredients, and statements made about their effects
on a consumer's health when ingested.  According to Dr. Carson,
the Products do not provide the claimed health benefits and that the
Defendant "made 'knowingly deceptive, false claims'" regarding
the immune and other health benefits of its Products."

(*Id.* at 6:13-18 (internal citations omitted)).  Plaintiff's opposition to Lifeway's request for

judicial notice similarly relies on Dr. Carlson's expertise to help demonstrate the strength of

Plaintiff's Allegations.  (Dkt. No. 26 at 2: 8-9 ("According to Plaintiff's expert, Dr. Kent Carson,

M.D., the Products do not provide the purported benefits.")  As in *DeMarco v. DepoTech Corp.*,

149 F. Supp. 2d 1212 (S.D. Cal. 2001), Plaintiff attempts to use Dr. Carlson's report as evidence,

and it must be stricken.  149 F. Supp. 2d at 1220.

Even if Dr. Carson's report were being used solely to support Plaintiff's allegations

factually—and it is not—the facts contained therein would be wholly irrelevant to Plaintiff's

claims.  Plaintiff contends that several of his allegations "are based on the expertise of Dr.

Carson."  (Opp. at 15:9-10.)  These allegations include that "'the Products do not provide the

purposed [sic] benefits,' and that Defendant made 'knowingly deceptive, false claims regarding

the immune system and other health benefits of its Products.[']"  (*Id.* at 15:10-12.)  Plaintiff's

own admitted purpose, then, is to rely on Dr. Carson's report as the basis for his claims—in other

words, to use Dr. Carson's report as *evidence of the truth* of his claims.  This is an improper

evidentiary purpose, and Plaintiff's attempt to thread a fine needle around this fact is unavailing.

Finally, it is fundamentally unfair to require Lifeway to assume the truth of Dr. Carson's

report for purposes of determining whether Plaintiff has stated a claim upon which relief can be

granted.  Dr. Carson's report teems with "expert" opinions on everything from the accuracy of

Lifeway's health claims to the expectations of a reasonable consumer, but provides no basis for a

dermatologist to opine on any of these matters.  As Lifeway expressed in its opening brief, expert

opinions should only be considered after a thorough *Daubert* and *Kumho* analysis, which goes far

beyond what is appropriate at the pleadings stage.  (Mot. at 4:22-6:2); *see also*, *e.g.*, *DeMarco*,

149 F. Supp. 2d at 1221.  Before any credence is given to Dr. Carson's report, Lifeway at least

must be allowed the opportunity to challenge the sufficiency of Dr. Carlson's expertise and the

5

methodology by which he purported to reach his opinion, as well as an opportunity to rebut Dr.

Carlson's testimony with the testimony of its own expert witness.  Until Lifeway is given this

opportunity, Dr. Carlson's report should not be considered.  At a minimum, Lifeway should not

be required to accept as true Dr. Carlson's conclusions, or Plaintiff's construction of the

conclusions set forth in the Amended Complaint.

### III.   PLAINTIFF'S CLAIMS IN THIS ACTION SHOULD BE LIMITED TO THE STATEMENTS UPON WHICH HE ACTUALLY RELIED WHEN PURCHASING THE "PRODUCTS" IDENTIFIED IN THE AMENDED COMPLAINT

One portion of Lifeway's motion to dismiss seeks an order limiting Plaintiff's claims to

statements about the "Products" he claims to have purchased, the Black Cherry flavor of BioKefir

and the Strawnana Split flavor of ProBugs.  (Mot. at 9:17-10:9.)  Specifically, Plaintiff's

Amended Complaint limits its allegations to "Product I"—Bio Kefir Black Cherry Heart Healthy

Cultured Milk—and "Product II"—Strawnana Split, which the Amended Complaint defines as

"the Products."  (Dkt. No. 8 ¶¶ 1, 5 & 14 (First Amended Complaint ("FAC")).)  Throughout the

Amended Complaint, Plaintiff expressly limits his allegations, and the class he seeks to certify, to

"Product I", "Product II" and "the Products."  (*See id. passim*.)  Based on these limitations in

Plaintiff's Amended Complaint and caselaw establishing that plaintiffs cannot seek redress for

products they never purchased, Lifeway argued that Plaintiff cannot state a claim for other flavors

of Lifeway beverages.

In opposition, Plaintiff devoted the majority of his argument to attempting to distinguish

Lifeway's authority.  With respect to Lifeway's argument that he cannot support represent

purchasers of other ProBugs and BioKefir products, he responds—without any evidentiary

support—that they "share similar ingredients and make similar health claims as the BioKefir

Black Cherry and Strawnana Split products," and on that basis concluded that he can represent all

purchasers of all of Lifeway's ProBugs and BioKefir products, nationwide.  (Opp. at 9:13-11:3.)

Moreover, Plaintiff asserts that bare standing to bring suit based on all flavors means that he can

"expand the scope of the claims to include . . . advertisements relating to a product that he did not

rely on."  (*Id.* at 9:16-18.)  Plaintiff is incorrect.

DEFENDANT'S REPLY ISO MOTIONS TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT
CASE NO. 12-CV-01309 EMC

1    As a preliminary matter, Lifeway disputes Plaintiff's assertion that the Amended

2    Complaint can be read to include flavors other than those identified as "Product I" and "Product

3    II." (FAC ¶¶ 1, 5.) The FAC defined the products at issue in this action only as "Product I" and

4    "Product II"—the Black Cherry flavor of BioKefir and the Strawnana Split flavor of ProBugs.

5    (*See id.* ¶¶ 1-6 (FAC).) If Plaintiff intends to expand this action to other flavors of BioKefir or

6    ProBugs, he should amend his complaint to make this clear, including describing the "similar

7    ingredients" and "similar heath claims" he contends ties other Lifeway product to "Product I" and

8    "Product II". The Court can determine the sufficiency of Plaintiff's allegations if he elects to

9    amend his complaint to identify other flavors of Lifeway products that include similar ingredients

10   or make similar health claims, including identifying such ingredients and health claims.

11   Moreover, Plaintiff is quite wrong to dismiss *Johns v. Bayer Corp.*, 2010 WL 476688

12   (S.D. Cal. Feb. 9, 2010) and *Carrea v. Dreyer's Grand Ice Cream*, 2011 WL 159380 (N.D. Cal.

13   2011), *aff'd* 2012 WL 1131526 (9th Cir. Apr. 5, 2012) as outside the "modern and prevailing

14   approach" to consumer class actions. (Opp. at 9:13-28.) Rather, they state a foundational

15   principle of Article III standing: in order to state a claim, a party must allege injury in fact, here

16   in the form of money or property spent to purchase a product in reliance on an allegedly false or

17   misleading statement. *E.g., Carrea*, 2011 WL 159380 at *2-3. In each of those cases, plaintiffs

18   purchased one product but sought to represent a class of consumers who purchased another,

19   similar product. In *Johns*, the plaintiff purchased Bayer's Men's Health vitamins but sought to

20   represent a class of purchasers of Men's + vitamins. *See* 2010 WL 476688 at *4. In *Carrea*, the

21   plaintiff purchased Dreyer's Drumstick deserts but sought to include in the class of purchasers of

22   Dibs ice cream products. *See* 2011 WL 159380 at *3. In both cases, the courts dismissed claims

23   based on the products the plaintiffs had not purchased, concluding that they lacked standing.

24   Without purchasing the products, the courts explained, the consumers had not lost money or

25   property, and therefore had suffered no injury-in-fact. The conclusion by the court in *Johns* is

26   equally applicable here: Plaintiff "cannot expand the scope of his claims to include a product he

27   did not purchase or advertisements relating to a product that he did not rely upon." 2010 WL

28   476688 at *5 (quoted in *Carrea*, 2011 WL 159380 at *3).

As Plaintiff's authority notes, it may be necessary to wait until class certification to determine whether statements on Lifeway's other products are sufficiently similar to those on BioKefir Black Cherry and to ProBugs Strawnana Split Plaintiff to include them in this case.[2] For example, Plaintiff claims to have been misled by the story of Pauly "Peel" Probug on the packaging of ProBugs Strawnana Split, which describes the culture in the product as "friendly and freckly, and keeps your immune system healthy so you can play with your friends." (Dkt. 22 at 2:22-28; Dkt. 23, Exhs. A & B.) Other flavors in the ProBugs line introduce characters specific to those flavors, and make different representations. On the pleadings, it is not possible to consider differences regarding the individual statements. However, it remains the case that Plaintiff will be required to demonstrate that he lost money or property as a result of some act or omission by Lifeway, and he should be precluded from seeking to recover for products he did not purchase.

## IV. PLAINTIFF HAS FAILED TO SUPPORT HIS CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTY

In response to Lifeway's argument that Plaintiff's allegations related to an alleged breach of an express warranty, Plaintiff argues that Lifeway's marketing materials made certain "promises and affirmations of fact" about the product, and "[b]ecause the Product[s] do[] not perform as promised, Defendant breached its express warranty to Plaintiff." (Opp. at 11:5-13:7.) As an initial matter, Lifeway notes that Plaintiff appears to concede he seeks to bind every purchaser of every flavor of every Lifeway BioKefir and ProBug product under California's law of express warranty. As noted above, there is no basis for such an order. Moreover, Plaintiff has failed to state a cause of action for breach of express warranty against Lifeway. The bulk of Plaintiff's opposition is devoted to establishing Lifeway's alleged breach. However, Plaintiff has failed to adequately establish the threshold question of whether a warranty existed at all.

As Lifeway explained in its opening motions, an express warranty requires the plaintiff to allege the "exact terms of the warranty." *See, e.g., Williams v. Beechnut Nutrition Corp.*, 185

---

[2] *E.g., Cardenas v. NBTY, Inc.*, ___ F. Supp. 2d ___, 2012 WL 1593196 (E.D. Cal. May 4, 2012); *Bruno v. Quten Research Inst.*, 280 F.R.D. 524 (C.D. Cal. 2011).

DEFENDANT'S REPLY ISO MOTIONS TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT
CASE NO. 12-CV-01309 EMC

1    Cal. App. 3d 135, 142 (1986).  Plaintiff's allegations that Lifeway made various statements, even

2    if true, would fall far short of establishing an express warranty.  Consequently, Plaintiff has failed

3    to plead a cause of action for breach of express warranty under California law.

4         Plaintiff asserts that Lifeway created an express warranty based on "express statements

5    that the product would 'help to fight free radical damage, ward off carcinogens, and provide

6    cardiovascular support and keep your immune system healthy.'"  (Opp. at 12:6-9; *see also id*. at

7    11:12-12:16.)  However, courts have routinely found that these types of vague and general

8    statements are not specific enough to establish an express warranty.

9         In *Dvora v. General Mills, Inc*., 2011 WL 1897349 (C.D. Cal. May 16, 2011), the

10   complaint alleged breach of express warranty based on the following allegations: (1) "General

11   Mills launched its 'Total' brand of cereal in 1961, marketing it as the first cereal in the United

12   States to contain 100% of the U.S. government's minimum daily requirements for eight vitamins;

13   (2) General Mills "added Total Blueberry Pomegranate cereal to the 'Total' line, allegedly 'to tap

14   into the current health conscious messages which repeatedly suggest that antioxidant-rich foods

15   such as blueberries and pomegranates should be included in our daily diets and desirable'"; and

16   (3) that the worlds "BLUEBERRY" and "POMEGRANATE" on the packaging, as well as

17   pictures of both fruits, led plaintiff to believe the cereal contained actual blueberries and/or

18   pomegranate seeds.  2011 WL 1897349 at *1.  The court held that these allegations were

19   insufficient to create a warranty:  "Plaintiff has not set forth any representations that might serve

20   as the basis for an express warranty."  *Id*. at *9.  *See also, e.g., Sanders v. Apple Inc*., 672 F.

21   Supp. 2d 978, 987-988 (N.D. Cal. 2009) (statement that Apple computers displayed "millions of

22   colors at all resolutions" was a "vague superlative" that could not form the basis of a breach of

23   warranty claim); *Castro Valley Union 76, Inc. v. Vapor Sys. Technologies, Inc*., 2012 WL

24   5199458, at *12 (N.D. Cal. Oct. 22, 2012) (finding allegation that one-year limit on gas pump

25   nozzles was insufficient to establish a warranty).

26        The alleged statements that Lifeway products would "help to fight free radical damage,

27   ward off carcinogens, and provide cardiovascular support and keep your immune system healthy"

28   are not nearly specific enough to constitute an affirmation of fact or promise that would create an

9

1    express warranty.  They are far less specific than the claims that Total cereal was the first to

2    contain 100% of the minimum daily requirements for eight vitamins that were rejected in Dvora.

3    Consequently, Plaintiff's cause of action for breach of express warranty under California law

4    should be dismissed with prejudice.

5    **V.      PLAINTIFF HAS FAILED TO OPPOSE ARGUMENTS IN LIFEWAY'S
          OPENING MOTIONS**

6

7            Plaintiff's opposition fails to address several of the argument made by Lifeway in its

8    opening motions: (1) that Plaintiff cannot base this action on an alleged lack of substantiation, (2)

9    that the FAC fails to distinguish between claims attributable to BioKefir Black Cherry and to

10   ProBugs Strawnana Split, and (3) that the FAC fails to allege what state's laws apply to Plaintiff's

11   breach of warranty and misrepresentation claims.  This lack of opposition constitutes waiver.

12   *See, e.g.*, *Conservation Force v. Salazar*, 677 F. Supp. 2d 1203, 1211 (N.D. Cal. 2009);

13   *Locricchio v. Office of U.S. Trustee*, 313 Fed. Appx. 51, 52 (9th Cir. 2009).

14           Regarding the latter point, Plaintiff's opposition implicitly acknowledges that his claims

15   for breach of warranty and misrepresentation are based on California law.  If so, Plaintiff must

16   state that explicitly.  *See* Fed. R. Civ. Proc. 8.  For the sake of clarity, Plaintiff should be required

17   to amend his complaint.

18           Regarding the second point, Plaintiff should be required to state throughout his complaint

19   which allegedly false and misleading statements apply to which products.  As it now stands, the

20   FAC confusingly lumps claims related to both products into one combined and inaccurate

21   quotation.  The context of the statements is important to considering whether they are false or

22   misleading, as alleged by Plaintiff.  For example, as noted above, the statements related

23   Strawnana Split ProBugs come in the context of a fanciful cartoon character and story designed to

24   entertain children:

25              Pauly "Peel" Probug loves playing sports.  In your belly, he blocks
                bad bugs from making you feel yucky, while the good bugs run for
26              a touchdown!  He's friendly and freckly, and keeps your immune
                system healthy so you can play with your friends.  His big sister,
27              Polly, nicknamed him "Peel" because he loves bananas.  And even
                though he loves winning the big game, Pauly knows the most
28              important thing is just to have fun!

                                            10

1  (Dkt. 22 at 2:22-28; Dkt. 23, Exhs. A & B.)  Plaintiff will be required to show that this statement

2  is likely to confuse a reasonable consumer and that the claims of a competent adult who claims to

3  have been misled by such a statement can be said to be typical of a class of purchasers of Lifeway

4  products, the context of these statements will be highly relevant to Plaintiff's claim.  Plaintiff

5  should not be allowed to remove the statements he claims to have been misled by from the

6  context in which they were published.

7        Finally, Lifeway's motion demonstrated that the law does not allow a plaintiff to "pursue

8  a claim under the UCL or CLRA based upon a lack of substantiation." *Stanley v. Bayer*

9  *Healthcare LLC*, 2012 WL 1132920, at *6 (S.D. Cal. Apr. 3, 2012); *see also Fraker v. Bayer*

10  *Corp.*, 2009 WL 5865687, at *8 (E.D. Cal. Oct. 6, 2009); *Nat'l Council Against Health Fraud,*

11  *Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336 (2003).  Plaintiff has failed to oppose this

12  aspect of Lifeway's motions, and Plaintiff has waived his right to do so.  Consequently, the

13  allegations based on lack of substantiation should be stricken from the FAC.[3]

14                                **CONCLUSION**

15        The Amended Complaint fails to provide "a short and plain statement of the claim

16  showing that [Plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rather, it is a confusing

17  jumble of unsupported allegations, improper contentions, and the testimony of an unqualified

18  expert.  Plaintiff should be required to amend his complaint to state plainly the claims he contends

19  he relied upon and the laws he contends Lifeway violated.  If Plaintiff believes there is a legal or

20  factual basis for a national class, he should be required to state it plainly.  If he cannot, Lifeway

21  should not be forced to litigate as it a nationwide class were possible.

22        / / /

23        / / /

24        / / /

25  _____

26  [3] These allegations include that "there is no known clinical study that adequately supports"
    Lifeway's claims that its products can "fight free radical damage, ward off carcinogens and
    provide cardiovascular support, and keep your immune system healthy" (FAC ¶ 27); that there is

27  "no competent reliable scientific evidence" to support these claims (*id.* ¶ 38); that there is a "lack
    of competent reliable scientific evidence" to support these claims (*id.* ¶ 39); and that Lifeway

28  should be faulted for "failing to conduct or commission any clinical trials or studies" (*id.* ¶ 40).

                                            11

1

DATED:  October 26, 2012                    **PERKINS COIE** LLP

2

3                                            By:  /s/ Joren S. Bass
                                                    Joren S. Bass

4                                            Attorneys for Defendant
                                             Lifeway Foods, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL25005426

DEFENDANT'S REPLY ISO MOTIONS TO DISMISS, STRIKE AND FOR A MORE DEFINITE STATEMENT
CASE NO. 12-CV-01309 EMC